Citation Nr: 1452668 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 10-32 109 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to service connection for bilateral hearing loss. 


REPRESENTATION

Appellant represented by: North Carolina Division of Veterans Affairs


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

S. J. Janec, Counsel


INTRODUCTION

The Veteran had active military service from September 1963 to September 1967.

This matter comes before the Board of Veterans' Appeals (Board) from March 2009 and August 2009 rating decisions of the Winston-Salem, North Carolina, Regional Office (RO) of the Department of Veterans Affairs (VA) that denied service connection for bilateral hearing loss and tinnitus. 

The Veteran testified at a personal hearing before the undersigned acting Veterans Law Judge at the RO in August 2011. A transcript of the proceeding is included in the claims folder. 

In February 2014, the Board remanded the issues for further evidentiary development. In an August 2014 rating decision, the RO granted service connection for tinnitus and assigned a 10 percent rating. This is a full grant of the benefit sought on appeal; hence, the issue is no longer before the Board. Service connection for bilateral hearing loss remained denied in an August 2014 supplemental statement of the case. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required. 


REMAND

In the February 2014 remand, the Board directed that the Veteran be afforded a VA examination to ascertain the etiology of his hearing loss and to convert the ASA units (found in service medical records in the Veteran's entrance and separation examinations) to ISO-ANSI units as appropriate. The examination was conducted in April 2014, and although the examiner noted the Veteran's enlistment and discharge physical examinations recorded "normal hearing" with "no significant threshold shifts", he did not specifically convert the medical information as requested. Additionally, in the opinion section of the examination report, he responded "Yes" to the question of whether it was at least as likely as not that the Veteran's hearing loss was caused by or a result of an event in military service, but then stated in the rationale section that it was "less likely" that the Veteran's hearing loss was the result of an event in military service. In light of these deficiencies, the Board finds that a remand is necessary for another examination. See Stegall v. West, 11 Vet. App. 268 (1998) (A remand by the Board confers on a claimant the right to compliance with the remand orders). 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination for an opinion as to whether it is at least as likely as not (50 percent probability or greater) that he has current hearing loss disability as a result of noise exposure during military service. The pertinent evidence of record should be addressed (including converting the ASA units (found in service medical records in the Veteran's entrance and separation examinations) to ISO-ANSI units as appropriate), and all tests or studies necessary for an adequate opinion should be conducted. 

The opinion should be provided based on the results of examination, a review of the medical evidence of record, and sound medical principles. All examination findings, with the complete rationale for the opinion expressed, should be set forth in the examination report. 

2. After completion of the above and any additional development deemed necessary, the issue remaining on appeal should be re-adjudicated with consideration of all the evidence of record. If the benefit sought remains denied, the Veteran should be furnished a supplemental statement of the case and should be afforded the opportunity to respond. Thereafter, the case should be returned to the Board for appellate review, if in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
T. L. DOUGLAS
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).